UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ex rel. **TRACI JONES**, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) **Civil Action No.: 2:09-cv-470-AKK** |
| **BRENDA SPAHN, et al.**, | ) ) ) |
| Defendants. | ) |

### ORDER OF DISMISSAL

This matter is before the court on (1) United States of America's Notice of Election to Decline Intervention, (doc. 9), (2) Plaintiff-Relator Jones' Motion to Dismiss and Keep Complaint Under Seal, (doc. 10), and (3) the United States of America's Consent to Dismissal. (Doc. 11). For reasons stated below, this court holds that the entire record shall be unsealed.

### I. BACKGROUND

In the Complaint that triggered this matter, the plaintiff-relator, who worked for the defendant from July 2006-August 2007, alleges that the defendant, who operates a local charitable organization, has violated the False Claims Act. Compl.

1

¶1. After investigating the plaintiff-relator's allegations, the United States has decided not to intervene in this matter. In turn, the plaintiff-relator has decided to dismiss her complaint. The only issue before this court is to what extent, if any, the court's record of this matter should remain sealed. The United States requests that this court unseal only the Complaint, its Notice and the court's Order regarding its Notice, but that the remainder of the record remain permanently sealed. (Doc. 9). In contrast, the plaintiff-relator requests that the entire record remain sealed because of the "nature of the allegations contained in the Complaint." (Doc. 10).

## II. APPLICABLE STANDARD

The decision whether to seal or unseal this action lies within the trial court's discretion. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978). However, "the presumption in favor of public disclosure of court records can only be overcome by a significant countervailing interest." *Under Seal v. Under Seal*, 326 F.3d 479, 486 (4th Cir. 2003) (citation omitted). Moreover, "[t]he Court is further persuaded by the long-standing public policy in open access to complaints and other matters on file with the Court." *United States ex rel. Dahlman v. Emergency Physicians Prof'l Ass'n*, 2004 WL 287559, at * 2 (D. Minn. Jan. 5, 2004) (citing *Nixon*, 435 U.S. at 597 ("It is clear that the courts of

this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." (citations omitted)).

Bearing this standard in mind, this court considers whether it is appropriate for this *qui tam* action to remain sealed, either in whole or in part, after the United States has declined to intervened.

### III. LEGAL ANALYSIS

In a *qui tam* action, a plaintiff "relator" may bring a civil action for violation of the False Claims Act (31 U.S.C. § 3729) ("FCA"). The action is filed *in camera* and remains under seal for at least 60 days, during which time the United States conducts an investigation and determines whether it will intervene in the action. 31 U.S.C. § 3730(b). While the FCA requires the filings of complaints under seal and that the court's record remain sealed during the United States' investigation, the FCA does not address whether the complaint must be unsealed upon the voluntary dismissal of the plaintiff-relator, nor does it expressly authorize that the complaint may remain sealed indefinitely. *See* 31 U.S.C § 2730; *see also United States ex rel. Dahlman*, 2004 WL 287559, at *1.

Here, neither party's request, *i.e.*, to maintain under seal either the entire record, or portions thereof, is supported by the FCA. The primary purpose of the seal in a *qui tam* action is to assist the United States with its investigation. *See*

*Under Seal*, 326 F.3d at 486. However, the legislative history also indicates that "once the Government has elected whether to intervene . . . unsealing of the complaint is virtually automatic." *United States ex rel. Fender v. Tenet Healthcare Corp.*, 105 F. Supp. 2d 1228, 1230 (N.D. Ala. 2000) (citing *United States ex rel McCoy v. California Med. Review, Inc.*, 715 F. Supp. 967, 969 (N.D. Cal. 1989)) . Indeed, this court's own Judge Guin has held that to maintain "everything other than the complaint, notice of [the United States'] intention not to intervene, and the court's order" thereon under seal is "contrary to the legislative intent of the FCA." *United States ex rel. Fender*, 105 F. Supp. 2d at 1230 (citations omitted).

The court has reviewed the entire file in this matter and does not find any document containing sensitive information warranting either continued or permanent sealing. Moreover, this court finds unpersuasive the plaintiff-relator's suggestion that the fact that the defendant operates a prominent and popular charitable organization, and that her decision to bring suit against it might impact her negatively, creates a countervailing interest that overcomes the court's presumption in favor of public disclosure of court records. In fact, the plaintiff-relator does not stand to lose her job (indeed, she left the defendant's employ over two years ago) or face any other significant retribution. Therefore, the entire file shall be unsealed.

For the foregoing reasons, it is hereby **ORDERED** as follows:

1. This action shall be, and is, **DISMISSED WITHOUT PREJUDICE**. Costs are taxed as paid.

2. The request contained in Plaintiff-Relator Jones' Motion to Dismiss, (doc. 10), that the entire court file remain permanently sealed, is **DENIED**.

3. The request contained in the United States' Notice of Election to Decline Intervention, (doc. 9), to unseal the Complaint, its Notice, and the court's Order regarding its notice, but maintain the remainder of the court file under seal is **DENIED**.

4. The Clerk of the Court is **DIRECTED** to unseal this case in its entirety.

**DONE** this 5th day of February, 2010.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE